UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

MARLENE BRIGLIO,                )
                                )
          Plaintiff,            )
     v.                         )   Civil Action No. 03-3034
                                )
AMTRAK NATIONAL RAILROAD        )
PASSENGER CORPORATION,          )
                                )
          Defendant.            )

### DEFENDANT NATIONAL RAILROAD PASSENGER CORPORATION'S ANSWER AND SEPARATE DEFENSES TO COMPLAINT

Defendant National Railroad Passenger Corporation ("Amtrak"), incorrectly identified in the Complaint as Amtrak National Railroad Passenger Corporation, by and through its attorneys, hereby answers the allegations contained in Plaintiff's Complaint as follows:

### JURISDICTION

1.   The first sentence of Paragraph l contains argument and conclusions of law and not averments of fact to which an answer is required.  After a reasonable investigation, Amtrak lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's receipt of a Notice of Right to Sue.

### FACTS

2.   Amtrak admits that its records reflect that Plaintiff is a woman who resides at 5419 Balley Street, Philadelphia, Pennsylvania 19124.

3.   Admitted.

4.   Admitted.

5. The term "most competent manner" in Paragraph 5 of the Complaint is vague, ambiguous and undefined such that Amtrak cannot formulate a response to the allegations contained in Paragraph 5 and accordingly it denies them.

6. Amtrak admits that Lee Sperling was an employee of Amtrak and Plaintiff's immediate supervisor beginning or about August 2000. The remaining allegations of Paragraph 6 contain argument and conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Amtrak denies the remaining allegations contained in Paragraph 6.

7. Amtrak admits that Mr. Sterling spent over one hour with Plaintiff reviewing recorded phone calls between Plaintiff and Amtrak customers as part of Plaintiff's training in how to handle customer calls and complaints. Amtrak denies the remaining allegations of Paragraph 7.

8. After a reasonable investigation, Amtrak lacks sufficient knowledge or information to form a belief as to the allegations of Paragraph 8 other than that Art Salazar (identified in the Complaint as "Art"), a union representative, advised Amtrak that Plaintiff complained about Mr. Sperling.

9. After a reasonable investigation, Amtrak lacks sufficient knowledge or information to form a belief as to the allegations of Paragraph 8 other than that Mr. Salazar contacted Jim Brawner (incorrectly identified in the Complaint as Jim Braumer), Amtrak's Call Center Manager, and advised him about that Plaintiff had made a complaint about Mr. Sperling. Mr. Brawner discussed Plaintiff's complaint with Plaintiff on or about September 20, 2000. Amtrak responded to Plaintiff's complaint and took prompt remedial action.

10. Amtrak admits that Plaintiff refused to return to work after September 23, 2000. Amtrak denies the remaining allegations of Paragraph 10.

11. After a reasonable investigation, Amtrak lacks sufficient knowledge or information to form a belief as to the allegations regarding Rich DeLuca in Paragraph 11. Amtrak admits that Plaintiff spoke with Mr. Brawner after September 23, 2000. The term "formal complaint" in Paragraph 11 of the Complaint is vague, ambiguous and undefined such that Amtrak cannot formulate a response to the remaining allegations contained in Paragraph 11 and accordingly it denies them.

12. Amtrak admits that Plaintiff did not return to work after September 23, 2000. After a reasonable investigation, Amtrak lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 12.

13. Paragraph 13 contains argument and conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Amtrak denies the allegations of Paragraph 13.

14. Denied.

15. Paragraph 15 contains argument and conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Amtrak denies the allegations of Paragraph 15.

16. Paragraph 16 contains argument and conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Amtrak denies the allegations of Paragraph 16.

17. Denied.

18. Denied.

19. Paragraph 19 contains argument and conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Amtrak denies the allegations of Paragraph 19.

20. After a reasonable investigation, Amtrak lacks sufficient knowledge and information to form a belief as to the truth of the allegations set forth in Paragraph 20.

## COUNT I

21. Amtrak incorporates herein by reference its responses to Paragraph 1 through 20 of the Complaint.

22. Paragraph 22 contains argument and conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Amtrak denies the allegations contained in Paragraph 22.

## COUNT II

23. Amtrak incorporates herein by reference its responses to Paragraphs l through 22 of the Complaint.

24. Paragraph 24 contains argument and conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Amtrak denies the allegations contained in Paragraph 24.

## COUNT III

25. Amtrak incorporates herein by reference its responses to Paragraphs l through 24 of the Complaint.

26. Paragraph 26 contains argument and conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Amtrak denies the allegations contained in Paragraph 26.

## **COUNT IV**

27. Amtrak incorporates herein by reference its responses to Paragraphs l through 26 of the Complaint.

28. Paragraph 28 contains argument and conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Amtrak denies the allegations contained in Paragraph 28.

## **COUNT V**

29. Amtrak incorporates herein by reference its responses to Paragraphs l through 28 of the Complaint.

30. Paragraph 30 contains argument and conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Amtrak denies the allegations contained in Paragraph 30.

## **COUNT VI**

31. Amtrak incorporates herein by reference its responses to Paragraphs l through 30 of the Complaint.

32. Paragraph 32 contains arguments and conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Amtrak denies the allegations contained in Paragraph 32.

## SEPARATE DEFENSES

### FIRST DEFENSE

The Complaint in whole or in part should be dismissed for failure to state a claim upon which relief can be granted.

### SECOND DEFENSE

Some or all of Plaintiff's claims are barred to the extent she has failed to satisfy the statutory and/or jurisdictional prerequisites for the institution of an action under the statutes cited in the Complaint.

### THIRD DEFENSE

To the extent that Plaintiff failed to comply with the applicable statute of limitations her claims are barred in whole or in part.

### FOURTH DEFENSE

To the extent that Plaintiff has failed to mitigate her damages, her claims are barred or diminished.

### FIFTH DEFENSE

Amtrak has in place a strong policy against discrimination and otherwise exercised reasonable care to prevent and correct promptly any discrimination to which Plaintiff claims she was subjected, and Plaintiff unreasonably failed to take advantage of the preventive or corrective opportunities provided by Amtrak or to avoid harm otherwise.

**SIXTH DEFENSE**

All actions taken with respect to Plaintiff were taken in good faith and without any discriminatory motive.

**SEVENTH DEFENSE**

At all relevant times, Amtrak has made good faith efforts to comply with Title VII and the Philadelphia Fair Practices Ordinance. Plaintiff's claims for punitive damages are barred by Amtrak's adoption, publication and enforcement of a policy against discrimination of the type alleged in the Complaint.

**EIGHTH DEFENSE**

Punitive damages are not available under the Philadelphia Fair Practices Ordinance.

**WHEREFORE**, Defendant Amtrak prays:

A. That Plaintiff take nothing by this action;

B. That Plaintiff's Complaint be dismissed with prejudice in its entirety;

C. That Defendant Amtrak be awarded its costs of suit and attorneys' fees; and

D. For such other and further relief as this Court deems just and proper

Respectfully submitted,

Dated: June 5, 2003

Of Counsel:
  Morgan , Lewis & Bockius LLP

Judith E. Harris (Pa. I.D. No. 02358)
William J. Delany (I.D. #74864)
Paul C. Evans (I.D. # 84535)
1701 Market Street
Philadelphia, Pennsylvania 19103
(215) 963-5028/5066/5431

Attorneys for Defendant

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Defendant's Answer to Complaint was served by United States mail, postage prepaid, this 5th day of June, 2003 on counsel for Plaintiff, addressed as follows:

>Samuel A. Dion, Esq.
>1515 Locust Street
>Philadelphia PA   19102
>
>Richard A. Bateman, Jr., Esq.
>111 North Olive Street
>Media, PA 19063

_____
Paul C. Evans